Darlene Pyeatt

General Delivery

Pocatello, Idaho. 83201

No telephone

Home address:
723 W. Lewis #204

U.S. COURTS

FEB - 9 2010

cvd_____Filed____Time 2:25 pm
ELIZABETH A. SMITH
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

Darlene Pyeatt
Petitioner/Defendant )
)
)
vs. )
)
)
)
State of Idaho )
Plaintiff )
)
_____ )

Case No. 4:10-CV-072-E-REB

NOTICE TO REMOVE

Now comes, Darlene Pyeatt, Petitioner/Defendant, who respectfully asks this HONORABLE COURT to remove this criminal case from State court to Federal Court. Removal is requested pursuant to the jurisdiction placed on the Federal Court by Federal law, and 28 U.S.C.A. 1446 (c) et seq.

Younger v. Harris, 401 U.S. 37 (1971)

Issues raised by petitioner meet the requirements of Younger:

1. There is ongoing state proceedings

2. The State of Idaho has important reasons to continue to use Idaho codes 18-210, 18-211, and 18-212, as well as, reasons to

SILENCE, or PREVENT Petitioner/Defendant from arguing and sub-
mitting evidence as to Idaho's improper and unlawful use of
law enforcement telecommunications.

3.   Petitioner possesses adequate opportunity to raise the
constitutional issues on direct appeal.

EXTRAORDINARY CIRCUMSTANCES GIVING FEDERAL COURT JURISDICTION
Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457
U.S. 423, 432 (1982); Sun Refining & Mktg. Co. v. Brennan,
921 F.2d. 635, 639 (6th Cir. 1990).

1)   Irreparable injury is great and immediate for the general
public at large, and for Petitioner/Defendant, if she is pre-
vented from arguing and submitting evidence as to Idaho's
unlawful use of law enforcement telecommunications.  Surely,
the state prosecutor, Nancy Ferris, is/has not been placing
law enforcement surveillance stalking signals only on Petition-
er"s necessary court documents, but on many, if not all, other
defendant's court documents which they will continue to use and
need while preparing for their defense, and during trial pro-
ceedings, in order that prosecution may alter defendant's state
of mind, while guaranteeing a more successful prosecution due to
these defendants angry, confused, altered state of mind during
trial proceedings resulting from these law enforcement surveill-
ance and/or electronic stalking telecommunications assaults.
18USC 2340 (1)(2)(A)(B)(C)

2)   As stated in the following pages, Idaho Codes 18-210, 18-211
and 18-212 are in flagrant and violative of express
Constitutional prohibitions.

3)   For three Bannock county magistrate judges, the entire

public defenders office, the state prosecution to habitually

use Idaho Codes 18-210.18-211, and 18-212 to continually

prevent Petitioner from having her day in court, her right to

confront, her Fifth, Sixth, and Fourteenth Constitutional

amendments rights, her right to know the charges against her;

for the prosecution to use law enforcement surveillance to

assault her while she reads the police incident reports in

order to prepare for her defense, and to use law enforcement

surveillance to assault her at trial on October 2, 2009,

and for HONORABLE JUDGE THOMSEN to ignore her claims of assault

to only show interest in committing Petitioner/Defendant to up

to eighteen months of mental rehabilitation is a strong showing

of bad faith and harrassment.

THE STATE OF IDAHO'S USE OF IDAHO CODE 18-210, 18-211 and 18-212
TO DEPRIVE APPELLANT/DEFENDANT OF HER RIGHTS TO DUE PROCESS IN
RELATION TO "PROPERTY" AND "LIBERTY", AS GOVERNED BY THE FIFTH
AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION.

CONSTITUTIONAL LAW
16 B Am Jur 2d
IX Fundamental Rights and Principles

Section 581 Generally

The Fifth amendment to the Constitution prevents the Federal

government or its agencies from depriving any person of his

or her property without due process of law; and

The Fourteenth amendment to the Constitution/ and all the

various state constitutions prevent any act by a state which

would accomplish such deprivation.

Section 561 Construction and Defination of terms

The words "life, liberty, and property" as used in constitutions
are representative terms and are intended to cover every right to
which a member of the body politic is entitled under the law[2]

Section 562 Elements, generally

However it is well settled that the "liberty" protected by the
due process clauses does not merely denote an individual's
freedom from physical or bodily restraint.[24]  It includes
liberty of the mind as well as liberty of action.[25]

Practical guide:  What is due process in a procedure affecting
property interests must be determined by taking into account
the purposes of the procedure and it's effect upon the rights
asserted and on the circumstances which may render the
proceeding appropriate (or inappropriate) to the nature of
the case.


47 L.Ed 2d 975

Annotations:  SUPREME COURTS VIEWS AS TO CONCEPT OF "LIBERTY"
UNDER DUE PROCESS CLAUSES OF FIFTH AND FOURTEENTH AMENDMENTS.


Section 4

It is well settled that the "liberty" protected by the due pro-
cess clauses does not merely denote an individuals freedom from
bodily restraint, but the liberty protected by the fourteenth
amendment is something more than exemption from physical res-
straint, and includes liberty of mind as well as liberty of

action.
Bulling v.Sharpe (1954) 347 US 497, 98L.Ed 884, 74 S.Ct.  693,
53 Ohio Ops 331, supp op 349 US 294,  99L.Ed. 1083, 75 S. Ct.
753, 57 Ohio Ops 253, 71 Ohio L Abs 584 (stating that the term

"liberty" is not confined to mere freedom from bodily restraint,

and that liberty under law extends to a full range of conduct

which the individual is free to pursue, and which cannot be

restricted except for a proper governmental objective.
Board of Regents v. Roth (1972) 408 US 564

Similarly "liberty" as guaranteed in the due process clause

of the Fifth and Fourteenth amendments has been held to denote

not merely freedom from bodily restraint, but also the right

of the individual to contract, to engage in any of the common

occupations of life, to acquire useful knowledge.......and

generally to enjoy those privilidges long recognized at

common law as being essential to the orderly pursuit of

happiness by free men and women.
Meyer v. Nebraska (1923) 262 US 390, 67L. Ed. 1042, 43 S. Ct.
625, 29 ALR 1446, Board of Regents v. Roth (1972) 408 US 564,
33 L. Ed 548 92 A. Xr. 2701

The right to a fair trial in a criminal case was held to be

fundamental liberty secured by the Fourteenth amendment

in Estelle v. Williams (1976) 425 US 501, 48 L. Ed. 2d 126,
96 S.CT. 1691, reh den (US) 49 L. Ed. 2d 1194

Argument:  The state of Idaho's use of Idaho Code 18-210,

18-211 and 18-212 to restrict and contain Ap/Def. deprives

her of her right to a fair trial.

For example:  Petitioner will now use Case No. 15956 before

HONORABLE JUDGE CARNAROLI, December 2008, with Nancy Ferris

as state prosecutor, to describe the State's ulterior purpose

in bringing Petitioner to trial on alledged criminal misdemeanor charges:  Three different evenings during the summer of 2008, Pocatello police officers awoke Petitioner from sleep to give her falsified citations for having alledgedly pounded on a neighbors wall and disturbing the peace.  Petitioner knew these charges were false.  She did not pound on the wall.  So it was simple logic to reason that the State prosecution felt they could falsify incident reports, and at trial force Petitioner into the domain of the Dept. of Health and Welfare for up to eighteen months of mental health rehabilitation by using Idaho Codes 18-210, 18-211, 18-212, wherein the Dept. of Health and Welfare could declare Petitioner gravely disabled for having lived through two winters without heat or electricity in her apartment, and whereby they could have Petitioner removed from her apartment, without the realtor/landlord having initiated the "eviction".

Petitioner had non-public defender counsel at that trial and after Hon. Judge Carnaroli's attempt to incarcerate Petitioner for refusing to make an appointment with Dept. of Health and Welfare failed, he simply decided to go to trial.  The final outcome being Petitioners counsel got the case dismissed.
Due process of law requires one be heard before his rights are adjudged.
Mays v. District Court, 34 Idaho 200, 200 P 115 (1921)
Due Process of law is not necessarily satisfied by any process

which the legislature may provide by law, but by such process
only as safeguards and protects the fundamental constitutional
rights of the citizen.
Abrams v. Jones, 35 Idaho 532, 207 P. 724 (1922)

16B AM JUR 2d
Section 565    Generally, Physical Restraint

Whether the confinement of a mentally ill person deprives him
or her of liberty without due process depends upon the circum-
stances presented in each case.[67]
O'Connor v. Donaldson, 422 US 563, 95 S. Ct. 2486,45 L.Ed.(1975)

Argument:  To force Ap/Def to the confinement of hours of
mental rehabilitation deprives her of her Fifth and Fourteenth
amendments rights to liberty to use her mind as she chooses.

Further, the state needs Idaho codes 18-210, 18-211 and 18-212
to dump an ever burgeoning caseload of indigent clients who
need public defender counsel into the domain of the Dept. of
Health and Welfare to reduce the costs of litigation for these
indigent clients.

In 2008, the New York Times (htpp://en.wikipedia.org/wiki/gideon
v. wainwright) reported that public defenders offices around
the country were so swamped with cases they were refusing to
take new. cases.  Some criminal justice experts believe public
defense is deteriorating around the country, which could lead to
innocent clients pressured to plead guilty, or convicted due to
a weak defense.

The October 8, 2009 court ordered psychological evaluation with

its promise of up to eighteen months of mental rehabilitation

deprive Petitioner of her Fifth, Sixth, and Fourteenth amend-

ments rights to due process in relation to her property and

liberty, right to confront, and right to a fair trial.

The standard by which questions of competent assistance of

counsel whould be reviewed is that a defendant is entitled to

the reasonable competent assistance of an attorney acting

as her diligent, concientious advocate
State v. Tucker, 97 Idaho 4, 539 P. 2d 556 (1975)

Argument:  What is to stop the court from dismissing this case

after eighteen months mental restraint/rehabilitation have passed

which would deprive Petitioner of her Fourteenth amendment

right to a fair trial?

RIGHT TO COUNSEL

Right to counsel is constitutional.

A defendant is entitled to the reasonable competent assistance

of an attorney.
Estes v. State, 111 Idaho 430, 725 P.2d 135 (1986)

Idaho Appellate Rules.

Rule 45.1 Criminal appeals - Counsel on Appeal

  (b) In the event of the withdrawal of trial defense counsel,

   the district court shall appoint new counsel for the indigent

defendant if the defendant desires to appeal.

The Idaho State Constitution states:

Right to counsel is triggered by the commencement of adver-

sarial judicial proceedings upon formal charges, regardless

of how those proceedings are described
State v. Valdez, 117 Idaho 302, 787 p.2d 288 (Ct.App. 1990)

Argument:   If not on August 26, 2009, in judges chambers, then RIGHT TO COUNSEL should have been triggered on October 2, 2009, at trial, when Petitioner informed the Court that the prosecutor Nancy Ferris, had placed electronic stalking signals on Petitioner's evidence known therein as Part C (police incident reports).   When Petitioner tried to read these documents to determine what the charges were against her, she would sustain the symptoms of physiological wounds made by law enforcement telecommunications assaults.

## CHRONOLOGY OF PETITIONERS APPOINTED, WITHDRAWED AND IGNORED RIGHTS TO COUNSEL BY HONORABLE JUDGE THOMSEN

August 7, 2009  Hon. Judge Thomsen appoints "necessary" counsel to assist in Petitioners defense.

August 26, 2009  Petitioners court appointed counsel, Tawna Haines tells petitioner she must get a competency evaluation, and sign away her rights to a speedy trial. Petitioner refuses.

August 26, 2009  In Judges chambers Hon. Judge Thomsen decides Petitioner is unco-operative for refusing to make an appointment with Dept. of Health and Welfare.  He releases the Bannock county Public Defenders Office from all of Petitioners cases before the Court.

October 2, 2009  Hon. Judge Thomsen did not advise Petitioner of her right to counsel prior to trial proceedings.